James E. Thompson *v.* Phillip Johnson and Wife.

**Pleading—Inconsistency Between Pleading and Exhibit.**
  Where an allegation in pleadings is inconsistent with a deed and agreement which are made exhibits thereto, the deed and agreement are controlling.

**Courts—Jurisdiction Over the Person.**
  A person not a resident of the county is not within the jurisdiction of the court, unless he is jointly bound with another defendant who was served with process in the county.

APPEAL FROM FAYETTE CIRCUIT COURT.

January 4, 1873.

Opinion by Judge Lindsay:

Although it is alleged in the petition of Sallie Johnson (late Chiles) and in the answer and cross-petition of David P. Carr that the agreement of the appellant, Thompson, was to pay to Carr for the use and benefit of Sallie Chiles the amount for which he might be liable as surety on the bond of her guardian, the agreement of September 11, 1866, and the deed from Estill and Carr to appellant of date October 25, 1866, show that the undertaking was directly to Carr, and that the payment was to be made to him for his indemnity, and in no sense for the use or benefit of said Sallie. The agreement and deed are made exhibits in both the original and cross-petitions and must be held to control, although the allegations in said pleadings are inconsistent with them.

There was no privity of contract between the ward, now Mrs. Johnson, and the appellant. If she has any right of action against him, on the undertaking to Carr, she acquired it by assignment or holds it by the right of equitable substitution to the securities held by Carr to protect him on account of his being surety on her guardian's bond.

In either event, the liability of Thompson to her is collateral to that of Carr. They are in no sense jointly bound to her.

She recognizes this fact by suing Carr on the guardian's bond, and Thompson on his agreement to pay to Carr such amount as the latter owes her as surety for her guardian.

The action was instituted in the Fayette Circuit Court, and process was served on Thompson in Mercer County.

Conceding that Mrs. Johnson had the right to sue Thompson, the Fayette Circuit Court has no jurisdiction of his person in this action unless he is jointly bound with one of the defendants served with process in Fayette County.

The action against Thompson is embraced by Section 106, Civil Code. He was the only defendant to the action against him. Chiles, the guardian, occupied a neutral position in the litigation between Mrs. Johnson and himself and Carr properly made himself a co-plaintiff with Mrs. Johnson by his own petition. He was not a joint defendant with either Chiles or Carr in the suit on the guardian's bond, nor were they or either of them jointly bound with him on his undertaking to Carr. This fact the court recognizes by rendering separate and distinct judgments on the two causes of action.

Thompson was not a necessary party to the suit on the guardian's bond; and Carr ought to have been a co-plaintiff in the suit against him, and to that suit Chiles was neither a necessary or proper party.

It follows, therefore, that by joining Thompson as a co-defendant with parties with whom he had no joint interest, and with whom he was under no joint liability to the plaintiff, he was compelled to leave the county of his residence to defend an action, which could only be prosecuted in the county in which he lived or was served with process. His plea to the jurisdiction of the Fayette Circuit Court ought to have prevailed.

The judgment is reversed and the cause remanded with instructions to dismiss the petition of Mrs. Johnson and the cross-petition of Carr so far as relief is sought against appellant.

*Breckenridge, Buckner,* for appellant.

*Carr,* for appellee.